**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CHRISTOPHER WILSON, II** | **CIVIL ACTION** |
| **VERSUS** | **NO.  25-1319** |
| **TANGIPAHOA PARISH JAIL, ET AL.** | **SECTION "M" (5)** |

### REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants Tangipahoa Parish Jail and Tangipahoa Parish Sheriff's Office. (Rec. doc. 19).  The motion is unopposed.  Having reviewed the pleadings and the applicable law, the Court recommends as follows.

### I.    Background

Plaintiff Christopher Wilson, II is an inmate housed in the Tangipahoa Parish Jail. (Rec. doc. 3).  He filed a Complaint pursuant to 42 U.S.C. § 1983 against Defendants, Tangipahoa Parish Jail, Tangipahoa Parish Sheriff's Office, and three individuals on July 29, 2025.  (*Id.*).  Proceeding *pro se*, Wilson alleges that on August 21, 2024, he was physically abused and injured in his dorm due to inappropriate action by Defendants, Corey Brown, Terry Lane, and Tom Wheeler that resulted in his transport to the Hoods Memorial Hospital. (*Id.*).  He claims that he was choked, restrained, and beaten with excessive force.  (*Id.*).  As a result of the alleged abuse, Wilson suffered a sprained and bruised wrist, a swollen knee, and a swollen foot.  (*Id.*).

Wilson specifically alleges that he suffered physical abuse, excessive force, malfeasance of an officer, personal injury, pain and suffering, and public humiliation from the three individual Defendants.  (*Id.*).  He further claims the Tangipahoa Parish Jail participated in unsanitary practices, cruel and unusual punishment and evil practices, and

deprived him of his right to property. (*Id.*). Wilson allegedly filed an administrative remedy procedure that is and has been pending investigation since August 23, 2024. (*Id.*). He now turns to this Court for relief and requests the removal of all three individual Defendants from the Tangipahoa Parish Jail for his safety. (*Id.*).

**II.     Legal Standard for a Motion to Dismiss Under Rule 12(b)(6)**

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The statement of the claim must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A pleading does not comply with Rule 8 if it offers "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (alteration omitted).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on the face of the complaint "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

2

Plausibility does not equate to probability, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Thus, if the facts pleaded in the complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration omitted).

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court employs the two-pronged approach used in *Twombly*. *Clofer v. Connick*, Civ. A. No. 23-6268, 2024 WL 4855475, at *2 (E.D. La. Nov. 21, 2024), *appeal dismissed*, No. 25-30139, 2025 WL 2020968 (5th Cir. Apr. 29, 2025). The court "can choose to begin by identifying pleadings that, because they are no more than conclusions [unsupported by factual allegations], are not entitled to the assumption of truth." *Iqbal,* 556 U.S. at 679. However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "'[The] task, then, is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.'" *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (quoting *Doe ex rel. Magee v. Covington Cty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012)). A court's review of a Rule 12(b)(6) motion to dismiss "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the

3

complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

Courts "liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). This does not mean, however, that a court "will invent, out of whole cloth, novel arguments on behalf of a pro se plaintiff in the absence of meaningful, albeit imperfect, briefing." *Jones v. Alfred*, 353 F. App'x 949, 952 (5th Cir. 2009). Even a liberally construed *pro se* complaint "must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).

### III.    Law and Analysis

#### A.  Tangipahoa Parish Jail and Tangipahoa Parish Sheriff's Office

Under Rule 17(b)(3), the ability of a non-corporate entity to sue or be sued in federal court is governed by the law of the state where the district court is located. Accordingly, federal courts sitting in Louisiana will look to Louisiana law to determine whether sheriffs' offices, jails, or correctional facilities are entities capable of being sued. *See Marshall v. Webre*, No. CV 23-1319, 2023 WL 5952645, at 2 n.37 (E.D. La. Sept. 13, 2023). Only non-human "judicial persons" can be sued under Louisiana law. La. Civ. Code art. 24. Louisiana police departments, parish sheriff's offices, and parish jails are not considered to be "juridical persons." *Thomas v. Cindy*, No. 15-681, 2016 WL 1727367, at *3 (M.D. La. Apr. 16, 2016) *adopted*, 2016 WL 1700404 (M.D. La. Apr. 27, 2016) ("It is . . . well settled under Louisiana law that a sheriff's department or office or a 'parish prison' is not a separate legal entity capable of being sued."); *see also Harvey v. Westwego Police Dept.*, No. 23-2181, 2023 WL

4

6644416, at *2 (E.D. La. Oct. 12, 2023) ("[U]nder Louisiana law, police departments are not juridical entities capable of suing or being sued.").

Moreover, it is well settled that under Section 1983, "a prison or jail or its administrative departments are not entities that can be sued under Section 1983 because they are not juridical entities under state law capable of being sued and/or because they are not persons for purposes of suit under Section 1983 as the statute and case law define that term." *Lynch v. Orleans Par. Sheriff's Off. Med. Dep't*, No. CV 25-1842, 2025 WL 2991302, at *2 (E.D. La. Sept. 30, 2025), *report and recommendation adopted*, No. CV 25-1842, 2025 WL 2986719 (E.D. La. Oct. 23, 2025) (citing *Douglas v. Gusman*, 567 F. Supp. 2d 877, 892 (E.D. La. June 9, 2008) (citations omitted)).  Further, "a parish sheriff's office is not a legal entity capable of being sued in a federal civil rights action." *Lynch*, 2025 WL 2991302, at *2 (citing *Shorts v. St. Charles Par. Sheriff's Office*, Civ. A. No. 24-2759, 2025 WL 2641774, at *3 (E.D. La. Sep. 15, 2025) (citing *Cozzo v. Tangipahoa Par. Council-Pres. Govt.*, 279 F.3d 273, 283 (5th Cir. 2002)).  Thus, Plaintiff's claims against Defendants Tangipahoa Parish Jail and Tangipahoa Parish Sheriff's Office should be dismissed with prejudice.

### B.  Corey Brown, Terry Lane, and Tom Wheeler

Further, Plaintiffs' claims against the three individual Defendants, Corey Brown, Terry Lane, and Tom Wheeler, should be dismissed without prejudice pursuant to Rules 4(m) and 41(b).  Rule 4(m) requires that a defendant be served within 90 days of the filing of the complaint, and if service is not made, the court must dismiss the action without prejudice or order service by a specific time.  The jurisprudence has come to expect strict compliance with the service rules within the 90-day period prescribed by Rule 4(m) and its predecessor and only allows exception when good cause is shown.  *Lambert v. United States*,

5

44 F.3d 296, 299 (5th Cir. 1995) ("Thus, Rule 4(m) allows the tardy plaintiff to escape the harsh consequences of dismissal if he shows 'good cause' for this delay."). A plaintiff's "*pro se* status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure." *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013). In addition, Rule 41(b) provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with the Federal Rules of Civil Procedure or any order of the court. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991).

Wilson was granted pauper status in this lawsuit on August 21, 2025. (Rec. doc. 7). The Clerk of Court issued process, and the United States Marshal attempted service for the first time on all three Defendants on October 23, 2025. (Rec. doc. 12). On January 1, 2026, the "Process Receipt and Return" from the United States Marshals Service concerning Wilson's case was returned to the Court unexecuted as to Defendants Corey Brown, Terry Lane, and Tom Wheeler. (Rec. docs. 15-17). Plaintiff was then ordered to provide in writing to the Clerk's office the current addresses for the three Defendants so that summons could be reissued. (Rec. doc. 19). It was further ordered that he could show cause in writing why his claims against these Defendants should not be dismissed for failure to prosecute. (*Id.*). Wilson provided a response on March 4, 2026 (rec. doc. 21), and summons were reissued to all three Defendants with the new addresses given. (Rec. docs. 22, 23). The Process Receipt and Return from the United States Marshal were again returned to the Court unexecuted for all these Defendants on June 16, 2026. (Rec. docs. 24-26).

Well more than 90 days have elapsed since this lawsuit was filed in July 2025. Despite the passage of almost a full year, Wilson has not provided this Court or the United States

6

Marshal with the information necessary to effect service on Defendants. The Court gave Wilson notice of the fact that Defendants were not served, as well as an opportunity to cure that defect. (Rec. docs. 15-17, 20). Wilson has failed to comply with the Court's Order (rec. doc. 20) directing him to provide the current addresses of Defendants Corey Brown, Terry Lane, and Tom Wheeler so that service could be properly executed on them. Further, Wilson has not provided the Court with any good cause as to why his claims against these Defendants should not be dismissed for failure to prosecute.

Wilson has not cured the defect by providing the necessary service information, and, as a result, the United States Marshal has not effected service. Therefore, the failure to serve Defendants results, not from the actions or inactions of the Court or the United States Marshal but rather solely from the inaction of Wilson. Without service on Defendants, this lawsuit cannot proceed forward. Indeed, the Court cannot even ask for consent from the parties as Defendants remain unserved, nor can the Court order Defendants to respond to Wilson's Complaint because they have not appeared nor retained counsel. Accordingly, the claims against all three individual Defendants should be dismissed without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b).

### C. Recommendation

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's claims against Defendants Tangipahoa Parish Jail and Tangipahoa Parish Sheriff's Office be **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims against Defendants Corey Brown, Terry Lane, and Tom Wheeler be **DISMISSED WITHOUT PREJUDICE** for failure to

make timely service as required by Federal Rule of Civil Procedure 4(m) and failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**NOTICE OF RIGHT TO OBJECT**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __24th__ day of June, 2026.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE